UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:19-cv-10729-IT |
| | * |
| THE HONORABLE | * |
| MARY L. MORRISSEY, individually | * |
| and in her official capacity, | * |
| THOMAS J. DONOVAN, JR., | * |
| individually and in his official capacity, | * |
| and WASHINGTON COUNTY | * |
| CRIMINAL DIVISION BENCH | * |
| WARRANT NO. 11544, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER
March 11, 2020

For the reasons discussed below, Plaintiff's Motion for Leave to Submit a Supplemental Authority [#46] is GRANTED in part and DENIED in part, and Plaintiff's Third Motion for Judicial Notice [#44], Fourth Motion for Judicial Notice and Request for a Hearing [#47], and Motion for Reconsideration [#42] are DENIED.

I. Background

This action arises out of events in Vermont, where Plaintiff was charged for an alleged speeding violation. According to the First Amended Verified Complaint [#7], in or around November 2018, the Vermont State Police issued Plaintiff a criminal citation for speeding and a separate civil complaint for the same occurrence of speeding. Am. Compl. ¶ 18 [#7]. The complaint alleges further that, following the citation, Plaintiff moved to dismiss the criminal information and requested a probable cause hearing. Id. ¶ 19. The complaint contends that with

the State of Vermont's assent, he waived his appearance at arraignment. Id. ¶¶ 19-20. Mr. Mullane alleges further that Judge Morrissey, who presided over the criminal proceeding in Vermont, "refused to accept and/or consider *any* of Plaintiff's filings," and issued a bench warrant for his arrest after he failed to appear at the arraignment. Id. ¶¶ 21-22 (emphasis in original). Plaintiff alleges that Judge Morrisey's docket clerk told him that Judge Morrissey issued a bench warrant because his waiver of appearance had been submitted *pro se*. Id. ¶ 25. The complaint states that Mr. Mullane tried to assert that the state lacked probable cause, and that when he was denied that opportunity, he filed a separate complaint with the Supreme Court of Vermont seeking "extraordinary relief." Id. ¶¶ 30-31. The Supreme Court of Vermont dismissed his complaint. Id. ¶ 32. He then brought a Complaint [#1] before this court.

Defendant Judge Morrissey moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. First Mot. to Dismiss for Failure to State a Claim [#15]. Defendant Attorney General Donovan moved to dismiss for lack of personal jurisdiction. Mot. to Dismiss for Lack of Jurisdiction [#28]. The court granted both motions. Mem. & Order [#40]. The court determined that it lacked subject matter jurisdiction over Plaintiff's claims against Judge Morrissey and *in rem* Defendant Washington County Criminal Division Bench Warrant No. 11544 ("the Warrant") under Younger v. Harris, 401 U.S. 37 (1971). Mem. & Order 3-4 [#40]. The court also found that it lacked personal jurisdiction over Defendants Attorney General Donovan and Judge Morrissey. The court denied Plaintiff's Motion for Preliminary Injunction [#22], Motion for Leave to File Amended Complaint [#23], and Motion for Leave to Submit an Omnibus Reply [#38] as futile, Mem. & Order [#40], and entered an Order of Dismissal [#41] closing the case. Plaintiff then brought this Motion for Reconsideration [#42] pursuant to Federal Rule of Civil Procedure 60 and thereafter filed the

additional three pending motions.

II.     Standard of Review

The granting of relief under Federal Rule of Civil Procedure 60(b) is "extraordinary in nature and…motions invoking that rule should be granted sparingly" Giroux v. Federal Nat. Mortg. Ass'n, 810 F.3d 103, 106 (1st Cir. 2016) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). The rule provides, in relevant part, an avenue for the court to relieve a party from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). A party seeking such a remedy "must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Generally, to prevail, a movant must demonstrate either "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Bostwick v. 44 Chestnut Street, 2019 WL 2010219 at *2 (D. Mass. May 7, 2019) (quoting Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)).

III.    Discussion

Plaintiff seeks reconsideration arguing that: (1) the court erred in finding it lacks specific personal jurisdiction over Defendants Judge Morrissey and Attorney General Donovan, (2) the court erred in finding it lacks subject matter jurisdiction as to the claims asserted against Defendant Judge Morrisey and the Warrant by failing to consider the bad faith exception to the Younger doctrine, and (3) the court's *sua sponte* dismissal of claims against the Warrant without

a hearing constitutes "plain error and abuse of discretion." Mot. for Reconsideration [#42]. Having reviewed its decision, the court finds no such errors and thus no grounds that justify Plaintiff's requested relief under Rule 60.

Plaintiff's motion was timely filed. However, Plaintiff has failed to show exceptional circumstances exist that favor extraordinary relief, or that he has a meritorious claim. He also has offered no intervening change in the law, no evidence not previously available, and no clear error of law. In reaching this conclusion, the court has reviewed the supplemental authority Plaintiff proffered in his Third Motion for Judicial Notice [#44], Motion for Leave to Submit a Supplemental Authority [#46], and Fourth Motion for Judicial Notice and Request for a Hearing [#47].

### A. Personal Jurisdiction Over Defendants Judge Morrissey and Attorney General Donovan

Plaintiff argues that, under Hahn v. Vermont Law School, 698 F.2d 48 (1st Cir. 1983), the court does have specific personal jurisdiction over Defendants Attorney General Donovan and Judge Morrissey based on their contact with him via interstate mail. Mot. for Reconsideration 14 [#42]. In Vermont Law School, the cause of action directly arose from forum activities. 698 F.2d 48. The law school recruited and admitted the plaintiff through the mail, and those mail exchanges "were instrumental in the formation of the contract" that was the basis for his cause of action. Id. at 51. In addition to recruiting and admitting the plaintiff though interstate mail, the law school also actively recruited in Massachusetts by advertising in Boston newspapers and having faculty members visit Massachusetts colleges, such that the activities with respect to the plaintiff were part of the law school's efforts to serve the Massachusetts market for legal education. Id. at 51-52. Similarly, in Nandjou v. Marriott International, Inc., 2019 WL 2918043 (D. Mass. July 8, 2019), on which Plaintiff also relies, the defendant sent

direct mail advertisements to the plaintiff's family home to entice them to stay at the Reluxicorp hotel in Montreal. Id. at *5.[1] Here, in contrast, the interstate communication did not cause and was not instrumental to any of Plaintiff's causes of action. Plaintiff has shown no legal error, let alone a clear error.

### B. Subject Matter Jurisdiction as to Claims Against Judge Morrissey

Plaintiff alleges that the Defendants are acting in bad faith and that the court failed to consider the "bad faith" exception to Younger in finding that it lacked subject matter jurisdiction. See Younger v. Harris, 401 U.S. 37, 53 (1971); Mot. for Reconsideration 5 [#42]. Plaintiff directs the court's attention to four allegations of "bad faith" included in various earlier filings. None provide ground for reconsideration.

First, Plaintiff points to his allegation that he was retaliated against for filing an ethics complaint. Mot. for Reconsideration 7 [#42] (citing Mot. for Preliminary Injunction 3-4 [#22]). That allegation was directed at Defendant Donovan, not Judge Morrissey. See Mot. for Preliminary Injunction 2 [#22] ("Defendant Donovan . . . sought to retaliate against Plaintiff for submitting an ethics complaint against one of his prosecutors").[2]

Plaintiff next alleges that the fact that he faced both a criminal citation and civil action related to a single instance of alleged speeding where no radar or video was used to determine

---

[1] The court in Nandjou conducted its analysis under a "relaxed" test because the defendant was a foreign corporation directly targeting Massachusetts residents to further a business relationship. See id.

[2] The lack of a retaliation claim as to Judge Morrissey in Plaintiff's previous filings is not surprising. According to the transcript of the arraignment, prior to the statement by the prosecutor to which Plaintiff objects, Judge Morrissey had already stated that the court had "sent out a summons" to the address provided in Plaintiff's most recent filings, that Plaintiff had not appeared, and that "the Court will issue an arrest warrant, set bail in the amount of 200 dollars." Transcript of Arraignment Hearing [22-1] at 4.

his speed demonstrates bad faith because both matters were "clearly frivolous or undertaken with no hope of success." Mot. for Reconsideration 8 [#42] (citing Am. Compl. ¶ 18 [#7] (asserting Plaintiff faced two separate actions for a single instance of alleged speeding) and Plaintiff's Proposed Omnibus Reply [#38-1] (leave to file denied, Mem. & Order 8 [#40])). The fact that prosecutors charged Plaintiff with both a criminal citation and civil action related to a single incident does not suggest any bad faith by Judge Morrissey.

Third, Plaintiff claims that "Defendants" committed an act of "deception by offering to submit a waiver of appearance to Defendant Morrissey at the subject hearing, and to thereupon fail to submit the waiver of appearance and instead request judicial summons and warrants for Plaintiff's arrest." Mot. for Reconsideration 8 [#42] (citing Mot. for Preliminary Injunction 2 [#22] and Second Request for Judicial Notice [#30]). Again, Plaintiff's claims of bad faith are directed at the prosecutor, not Judge Morrissey.

Finally, Plaintiff alleges that Defendant Judge Morrissey refused to accept "**any**" of his filings because he was representing himself, Am. Compl. ¶ 24 [#7] (emphasis in original), and that this refusal demonstrates bad faith. Mot. for Reconsideration 8 [#42]. However, the criminal docket[3] shows both that there was substantial confusion as to whether Plaintiff was represented or proceeding *pro se*, Docket No. 55-1-19 Wncr [#17-1] (indicating that on 1/10/19 there was an "[a]ppearance entered by Gregory Nagurney" but that it was "[u]nclear if Atty. Nagurney represents [Mullane] or not"), and that the court did accept and docket Mullane's *pro se* filings. Id.

The First Circuit has explained, pursuant to the Younger doctrine, that, "generally,

---

[3] The criminal docket is attached to Defendant Morrissey's Memorandum of Law in Support of her Motion to Dismiss [#17].

insofar as the state proceedings evince 'no showing of bad faith…that would make abstention inappropriate, the federal courts should abstain'" from exercising subject matter jurisdiction in cases relating to ongoing state judicial proceedings. Esso Standard Oil Co. v. Lopez-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) (quoting Middlesex Co. Ethics Comm., 457 U.S. at 435). No such showing of bad faith has been made by Plaintiff.

        C.   Dismissal of Claims Against the Warrant

Relying on Clorox Co. v. Proctor & Gamble Commer. Co., 228 F.3d 24, 30-32 (1st Cir. 2000), Plaintiff argues that the court's *sua sponte* dismissal of his claims against the Warrant without a hearing constitutes "plain error and abuse of discretion." Mot. for Reconsideration 3 [#42]. However, in Clorox, the district court dismissed the plaintiff's claims in response to a motion from the defendant under Federal Rule of Civil Procedure 12(b)(6) asserting that the plaintiffs failed to state a claim upon which relief could be granted, whereas Plaintiff's claims against the warrant were dismissed for a lack of subject matter jurisdiction.[4] A court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)) (jurisdiction upheld). Moreover, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See Fed. R. Civ. Pro. 12(h)(3). Not only was dismissal of the claim against the warrant proper, it was required.

---

[4] In Clorox, the court dismissed claims that the defendant had not moved to dismiss, providing no notice to the plaintiff. 228 F.3d at 30. Here, while true that the Warrant did itself not move to dismiss due to lack of subject matter jurisdiction, Defendant Judge Morrissey did, providing Plaintiff sufficient notice.

> D. Plaintiff's Third Motion for Judicial Notice, Fourth Motion for Judicial Notice and Request for a Hearing, and Motion for Leave to Submit a Supplemental Authority

The court GRANTS Plaintiff's Motion for Leave to Submit a Supplemental Authority [#46] insofar as the court has now considered the proffered supplemental authority, Nandjou v. Marriott International, Inc., 2019 WL 2918043 (D. Mass. July 8, 2019). The Motion [#46] is otherwise DENIED.

The court DENIES Plaintiff's Third Motion for Judicial Notice [#44] and Fourth Motion for Judicial Notice [#47]. The cited decision, U.S. v. Sowards, 690 F.3d 583 (4th Cir. 2012), shows neither an intervening change of law nor a clear error of law. Plaintiff also has failed to demonstrate that the mathematical formula for calculating speed and the proffered statistical data and police records represent information newly discovered or evidence unavailable to Plaintiff at the time he filed either his Oppositions [#27, 29] to Defendants' Motions to Dismiss [#15, 28] or Motion for Reconsideration [#42]. Moreover, the additional information, which goes at most to the actions of the prosecutor, has no bearing on any issues raised by Motion for Reconsideration [#42].

IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration [#42] is DENIED. Plaintiff's Motion for Leave to Submit a Supplemental Authority [#46] is GRANTED insofar as the court has now considered the proffered supplemental authority, Nandjou v. Marriott International, Inc., 2019 WL 2918043 (D. Mass. July 8, 2019), and is otherwise DENIED. Plaintiff's Third Motion for Judicial Notice [#44] and Fourth Motion for Judicial Notice and Request for a Hearing [#47] are DENIED.

Date: March 11, 2020                              /s/ Indira Talwani
                                                  United States District Judge